**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| FAST MEMORY ERASE, LLC<br>*Plaintiff,*<br><br>vs.<br><br>SPANSION, INC., SPANSION LLC,<br>INTEL CORPORATION,<br>NUMONYX B.V.,<br>NUMONYX, INC.,<br>STMICROELECTRONICS NV,<br>STMICROELECTRONICS, INC.,<br>NOKIA CORPORATION,<br>NOKIA INC.,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS AB,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA), INC.<br>MOTOROLA, INC., and<br>APPLE, INC.<br>*Defendants.* | ) | CIVIL CASE NO. 3-08cv0977M<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS INTEL CORP., NUMONYX B.V., NUMONYX, INC., MOTOROLA, INC., SONY ERICSSON MOBILE COMMUNICATIONS AB AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC.'S MOTION FOR LEAVE TO AMEND THEIR PRELIMINARY INVALIDITY CONTENTIONS**

Defendants Intel Corp. (“Intel”), Numonyx B.V., Numonyx, Inc. (together “Numonyx”), Motorola, Inc. (“Motorola”), Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. (together “Sony Ericsson”) (collectively, “Defendants”) hereby request leave of the Court to amend their Preliminary Invalidity Contentions to add an additional prior art reference that was discovered after service of the original Preliminary Invalidity Contentions.[1] Plaintiff Fast Memory Erase, LLC (“FME”) has indicated it opposes this motion.

## I. INTRODUCTION

The public interest is best served when the validity of the patents asserted by FME is adjudicated on the merits, based on a full consideration of all relevant prior art. From the beginning of this case Defendants searched diligently for prior art relevant to the two asserted patents – U.S. Patent Nos. 6,303,959 (the “’959 patent”) and 6,236,608 (the “’608 patent”). Defendants’ Preliminary Invalidity Contentions, which were served December 22, 2008, listed multiple prior art references on which Defendants will rely to invalidate the asserted patents. On the day of service of the Preliminary Invalidity Contentions, one of Defendants’ prior art search firms notified counsel for Defendants the existence of a Japanese patent application, Japanese Patent Application Publication No. H05-347418 (“Oshima reference”), that was written in Japanese. Defendants promptly obtained an English translation, which revealed that the Oshima reference is highly material to the invalidity of Claim 1 of the ’959 patent, the only claim of the ’959 being asserted in this case. Defendants immediately provided a copy of the Oshima reference to FME and requested that FME consent to an amendment to the Preliminary Invalidity

[1] A redline comparison between Defendants’ original Preliminary Invalidity Contentions and Defendants’ proposed Amended Preliminary Invalidity Contentions is attached to the Declaration of James H. Lin as Exhibit 4(b) (App. 1-4; 57 – 79).

Contentions to allow Defendants to list it as a prior art reference on which they intend to rely. FME delayed responding to that request and, after Defendants raised the issue again, eventually refused to consent. Defendants are thus forced to file this opposed motion.

FME will not suffer any prejudice from Defendants' proposed amendment to add the Oshima reference. As noted, Defendants immediately provided a copy of the translation of the Oshima reference to FME as soon as Defendants obtained the translation and recognized the relevance of the evidence. Defendants did not have the reference, much less the translation, when they served their Preliminary Invalidity Contentions. FME has now had the Oshima reference in its possession since late December 2008, well in advance of the claim construction hearing and fact and expert discovery cut-off. Defendants acted diligently in bringing the reference to FME's attention, seeking FME's consent to an amendment through meet and confer discussions, and filing this motion when FME refused to consent. Thus, good cause exists under Miscellaneous Order No. 62, Paragraph 3-7 to allow Defendants to amend their Preliminary Invalidity Contentions to include the Oshima reference.[2]

## II. STATEMENT OF FACTS

Defendants began searching for relevant prior art at the outset of this litigation, well before they received FME's Preliminary Infringement Contentions, and even before the Court issued its Patent Scheduling Order. Lin Decl. ¶ 2 (App. 2). Defendants' search efforts included the retention of independent prior art search firms and covered U.S. and foreign patents, applications, and technical articles in the field of non-volatile semiconductor devices. Lin Decl.

[2] In addition to adding the Oshima reference, Defendants also seek to correct several typographical errors contained in their original Preliminary Invalidity Contentions. Lin Decl., Ex. 4(b), Redlined Proposed Amended Preliminary Invalidity Contentions (App. 57 – 79).

¶ 2. On November 7, 2008, FME served its Preliminary Infringement Contentions. Lin Decl. ¶ 3 (App. 2). In light of the information provided in those contentions, Defendants initiated additional prior art searches once they knew FME's asserted claims. Lin Decl. ¶ 3.

On December 22, 2008, Defendants timely served their Preliminary Invalidity Contentions, in which they identified a number of prior art references for both patents-in-suit. Lin Decl. ¶ 4, Ex. 1, original Preliminary Invalidity Contentions (App. 5 – 27); Lin Decl., Ex. 6, Patent Scheduling Order at p. 3 (App. 91). On that same day, but after the invalidity contentions were served, one of Defendants' prior art search firms informed counsel for Defendants the existence of the Oshima reference. Lin Decl. ¶ 5 (App. 2). Counsel for Defendants immediately obtained the Oshima reference in its original Japanese text and ordered an English translation. Lin Decl. ¶ 5. Defendants received the translation on December 29, 2008, and immediately recognized the materiality and significance of the reference to the invalidity of Claim 1 of the '959 patent. Lin Decl. ¶ 6 (App. 002). Defendants submit that Oshima, which was published six years before the filing date of the '959 patent, discloses every limitation of Claim 1. *See* Lin Decl., Ex. 4(c), Oshima claim chart (App. 80 – 87). On the same day they obtained the translation Defendants sent the translation to FME. Lin Decl. ¶ 6, Ex. 2, e-mail from Baik to Conroy dated December 29, 2008 (App. 28 – 50). On January 6, 2009, Defendants asked FME to consent to an amendment to the Preliminary Invalidity Contentions to add the Oshima reference as one of the prior art references Defendants intend to rely upon. Lin Decl., Ex. 3, e-mail from Baik to Conroy dated January 6, 2009 (App. 51 – 53). Even though counsel for FME indicated that it would respond to the request promptly, it never did. Lin Decl. ¶ 7 (App. 3). Thus, on February 9, 2009, Defendants repeated their request and even provided FME with a detailed claim chart showing how the Oshima reference meets each of the limitations of Claim 1

of the ’959 patent. Lin Decl., Ex. 4, e-mail from Baik to Conroy dated February 9, 2009 (App. 54 – 87). This communication led to a meet and confer discussion in mid-February, during which FME took the position that it would not consent to the Oshima amendment unless Defendants in turn would allow FME to add a new patent claim that could have been asserted – but was not – in FME’s Preliminary Infringement Contentions. Because FME had no justification for its delay in seeking to assert the new claim, and no basis to oppose the addition of the Oshima reference, Defendants declined to accept FME’s proposed trade-off. The meet and confer discussions thus ended with FME refusing to consent to the addition of the Oshima reference to the Preliminary Invalidity Contentions, making this motion necessary.

## III. ARGUMENT

This Court’s Miscellaneous Order No. 62 permits amendment of a party’s preliminary invalidity contentions upon a showing of “good cause.” Miscellaneous Order No. 62, ¶ 3-7 (Amendment of the preliminary invalidity contentions “may be made only by order of the presiding judge upon a showing of good cause.”). One example of “good cause” provided in the order is “newly discovered prior art references.” *Id.* As explained above, the Oshima reference is a newly discovered prior art reference, as it was first discovered by Defendants’ counsel after the invalidity contentions were served.

In analyzing whether “good cause” for amendment exists because of newly discovered evidence under similar rules to those provided by Miscellaneous Order No. 62, courts have found that good cause exists where “the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery.” *O2 Micro Int’l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *see also Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624 (E.D. Tex. 2007); *Alt v.*

*Medtronic, Inc*., 2006 WL 278868, *2 (E.D. Tex. Feb 1, 2006). Courts also consider such factors as whether the amendment will cause a delay in the schedule, the importance of the evidence the moving party seeks to add to the case, and prejudice, if any, to the opposing party. *Acceleration Corp*., 481 F.Supp.2d at 624-25. Under all of these factors Defendants have established the necessary "good cause" for their proposed amendment to their Preliminary Invalidity Contentions.

### A. Defendants Have Acted Diligently In Adding The Oshima Reference To The Case

From the outset of this case Defendants have diligently sought to locate prior art from sources all over the world.[3] This included a search of Japanese prior art conducted by a Japanese patent researcher. Despite the best efforts of Defendants, the search results from this Japanese search were not provided to Defendants' counsel until December 22, 2009. Because the Oshima reference was written in Japanese, Defendants immediately proceeded to order a translation when they received the results from the Japanese patent searcher.

After receiving the English translation and recognizing the significance of the reference, Defendants immediately produced it to FME and requested FME's consent to an amendment to the Preliminary Invalidity Contentions. FME did not substantively respond to the request, forcing Defendants to repeat it on February 9, 2009. At that time, to facilitate an agreement, Defendants also served on FME a detailed claim chart for the Oshima reference. Subsequent meet and confer discussions failed to produce an agreement, requiring Defendants to file this

[3] The specific details of Defendants' efforts to find prior art are protected by the attorney work-product doctrine. Should the Court deem it necessary, Defendants will submit *in camera* declarations detailing such efforts.

motion. At all times Defendants proceeded diligently to locate relevant prior art and to add the Oshima reference to their disclosures once they learned of it.

**B. Defendants' Proposed Amendment Will Not Affect The Case Schedule**

The addition of the Oshima reference to Defendants' Preliminary Invalidity Contentions will have no adverse effect on the case schedule. The claim construction hearing is scheduled for May 11, 2009. Lin Decl., Ex. 7, Amended Patent Scheduling Order at p. 4 (App. 102). Fact discovery does not close until November 2, 2009. *Id.* at p. 5 (App. 103). Expert reports are not due until November-December 2009. *Id.* at pp. 2-3 (App. 100 – 101). FME has known of the Oshima reference since late December 2008. FME has ample time and opportunity to analyze the Oshima reference and take it into account in its discovery and case preparation. An amendment to the Preliminary Invalidity Contentions will not require the change of any date in the Court's case schedule.

**C. The Oshima Reference Is Highly Material**

The Oshima reference is highly material to the validity of the '959 patent, as reflected in the Oshima claim chart. *See* Lin Decl., Ex. 4(c) (App. 80 – 87). Defendants contend that the Oshima reference discloses every limitation of Claim 1 of the '959 patent. The Oshima reference also renders Claim 1 obvious. The exclusion of the Oshima reference would "deprive the trier of fact of relevant evidence." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 647 (N.D. Cal. 2000). Defendants will suffer substantial prejudice if the Oshima reference is excluded because the trier of fact will be deprived of evidence that shows that the asserted claim of the '959 patent is invalid. *See Alt*, 2006 WL 278868, *4 (finding that defendant would suffer significant prejudice if it was not allowed to present the additional prior

art). Given the strong public interest in removing invalid patents from commerce, the validity or invalidity of the ’959 patent should be adjudged on the basis of all relevant prior art.

**D. FME Will Not Be Prejudiced By The Amendment**

Defendants’ amendment of their Preliminary Invalidity Contentions will not prejudice FME in any respect. As explained above, FME has had the English translation of the Oshima reference since late December 2008 and has had Defendants’ claim chart since early February 2009. Fact and expert discovery does not close until November and December 2009, months from now. Lin Decl., Ex. 7, Amended Patent Scheduling Order at pp. 2, 3, 5. Even at this point FME has had ample time to consider the impact of the Oshima reference and structure its case strategy accordingly.

In *Computer Acceleration* the Court allowed an amendment to invalidity contentions on facts much less favorable than those presented by Defendants’ motion. In *Computer Acceleration* the Court allowed an amendment to invalidity contentions to add a prior art reference four months before the fact discovery deadline. Noting that the moving party acted diligently, and that there was no unfair prejudice to the plaintiff, the Court allowed the amendment, observing:

> [Defendant] is seeking only one additional prior art patent and claim construction has not yet occurred. There is time for [plaintiff] to adequately explore and address this issue before the claim construction hearing and before trial. Because of the lack of unfair prejudice and the ample time for a response by [plaintiff] without disrupting the court’s schedule, this factor weighs heavily in favor of allowing the amendment.

481 F.Supp.2d at 626; *see also Alt*, 2006 WL 278868, *4-5 (allowing amendment of preliminary invalidity contentions after the claim construction hearing had taken place).

Here Defendants proceeded diligently in producing the new evidence, there is no unfair prejudice to FME, and the Oshima reference is highly relevant. Defendants have established the

necessary "good cause" for amending their invalidity contentions to add this important piece of evidence.

## IV.     CONCLUSION

Defendants had demonstrated good cause under Miscellaneous Order No. 62, ¶ 3-7, to amend their Preliminary Invalidity Contentions to add the Oshima reference. For the above reasons, Defendants respectfully request that the Court grant them leave to do so.

**CERTIFICATE OF CONFERENCE**

Patrick Conroy, counsel for FME, and Steve Baik, counsel for Intel and Numonyx who was acting as a negotiator for all Defendants, met and conferred on the issues addressed herein on February 18, 2009. Craig Kaufman, counsel for Intel and Numonyx acting on behalf of all Defendants, further sent a letter to counsel for FME on March 12, 2009 confirming that the parties have reached impasse. Lin Decl., Ex. 5 (App. 88). The parties were unable to reach agreement for the reasons set forth herein.

| | |
|---|---|
| Dated: March 16, 2009 | Respectfully submitted<br><br>By: /s/ Chris R. Ottenweller<br>Chris R. Ottenweller (Admitted Pro Hac Vice)<br>E-mail: cottenweller@orrick.com<br>Craig R. Kaufman (Admitted Pro Hac Vice)<br>E-mail: ckaufman@orrick.com<br>Steven S. Baik (Admitted Pro Hac Vice)<br>E-mail: sbaik@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, California 94025-1015<br>Telephone: 650.614.7400<br>Facsimile: 650.614.7401<br><br>Craig Weinlein (TX Bar No. 21095500)<br>E-mail cweinlein@ccsb.com<br>CARRINGTON COLEMAN SLOMAN & BLUMENTHAL<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone: 214.855.3000<br>Facsimile: 214.855.1333<br><br>Attorneys for Defendants<br>INTEL CORPORATION, NUMONYX, INC., NUMONYX B.V.<br><br>By: /s/ John H. McDowell, Jr.<br>John H. McDowell, Jr. (TX Bar No. 13570825)<br>E-mail: john.mcdowell@klgates.com<br>Bart Sloan (TX Bar No. 00788430)<br>E-mail: bart.sloan@klgates.com<br>Benjamin Setnick (TX Bar No. 24058820)<br>E-mail: ben.setnick@klgates.com<br>K&L GATES LLP<br>1717 Main Street, Suite 2800<br>Dallas, Texas 75201<br>Telephone: 214.939.5500<br>Facsimile: 214.939.6100<br><br>Minh-Hien Nguyen (TX Bar No. 00795293)<br>E-mail: minh-hien.nguyen@klgates.com |

| | |
|---|---|
| | K&L GATES LLP<br>111 Congress Ave., Suite 900<br>Austin, Texas 78701<br>Telephone: 512.482.6811<br>Facsimile: 512.482.6859<br><br>Attorneys for Defendants<br>SONY ERICSSON MOBILE COMMUNICATIONS AB and SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC.<br><br>By: /s/ Russell E. Levine<br>Russell E. Levine, P.C. (Admitted Pro Hac Vice)<br>E-mail: rlevine@kirkland.com<br>Paul Collier (Admitted Pro Hac Vice)<br>E-mail: pcollier@kirkland.com<br>Nyika O. Strickland (Admitted Pro Hac Vice)<br>E-mail: nstrickland@kirkland.com<br>Emily R. Dempsey (Admitted Pro Hac Vice)<br>E-mail: edempsey@kirkland.com<br>KIRKLAND & ELLIS LLP<br>200 E. Randolph Drive<br>Chicago, Illinois 60601<br>Telephone: 312.861.2000<br>Facsimile: 312.861.2200<br><br>Hilda C. Galvan (TX Bar No. 00787512)<br>E-mail: hcgalvan@jonesday.com<br>Jon B. Hyland (TX Bar No. 24046131)<br>E-mail: jbhyland@jonesday.com<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: 214.220.3939<br>Facsimile: 214.969.5100<br><br>Attorneys for Defendant<br>MOTOROLA, INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed **DEFENDANTS INTEL CORP., NUMONYX B.V., NUMONYX, INC., MOTOROLA, INC., SONY ERICSSON MOBILE COMMUNICATIONS AB AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC.'S MOTION FOR LEAVE TO AMEND THEIR PRELIMINARY INVALIDITY CONTENTIONS** with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: March 16, 2009

*/s/ Josette Romero*
Josette Romero

OHS West:260615690.3