IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAST MEMORY ERASE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.: 3:08-CV-0977-M |
| SPANSION, INC., SPANSION, LLC, INTEL CORPORATION, NUMONYX B.V., NUMONYX, INC., STMICROELECTRONICS NV, STMICROELECTRONICS, INC., NOKIA CORPORATION, NOKIA INC., SONY ERICSSON MOBILE COMMUNICATIONS AB, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., and MOTOROLA, | § § § § § § § § § | |
| | § | |
| *Defendants*. | § | |

## SECOND AMENDED PATENT SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Second Amended Patent Scheduling Order. *Miscellaneous Order No. 62* is in effect except as set out in this Second Amended Patent Scheduling Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** This case is **SET for jury trial** on this Court's three-week docket beginning **July 26, 2010, at 9:00 a.m.** Counsel and the parties must be ready for trial on two (2) business days notice at any time during this three-week period, unless the Court specifies otherwise at the pretrial conference. **Any potential conflicts which can now be**

**contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Second Amended Order**.

2. **Joinder of Parties:** [Expired.]

3. **Amendment of Pleadings:** [Expired.]

4. **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for **summary judgment,** shall be filed by **February 5, 2010**. Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. If the parties seek to extend the dispositive motion deadline, such an extension may mean that the Court may not be able to decide such motions before trial. Delay in deciding motions will not affect the trial date. Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b). The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If a motion for summary judgment is filed by a party, that party will have to seek leave to file any additional motion(s) for summary judgment; provided however, that in addition to their own individual motions for summary judgment, the defendants may collectively file one motion for summary judgment.

5. **Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof at trial shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **November 20, 2009**.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue at trial, but who wishes to utilize an expert witness, shall file a written designation of the name and address of each such **expert witness**, and otherwise comply with Rule 26(a)(2), on or before **December 18, 2009**. Objections to any proposed expert witness on claim construction issues must be made in a written motion no later than **[Expired.]**

7. **Objections to Experts:** Objections to the qualifications, reliability, admissibility, or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed (a) as to experts designated on claim construction no later than **[Expired.]**; (b) as to experts designated on other issues no later than **March 9, 2010**.

8. The parties shall adhere to the following schedule (along with the other dates expressly set out in this order):

| Local Rule | Description | Deadline |
| --- | --- | --- |
| 3-3 | Defendant's preliminary invalidity contentions to be served; notice of service of same to be filed | Expired. |
| 3-4 | Defendant's document production | Expired. |
| 3-6(a) | Plaintiff to amend infringement contentions | within 30 days of claim construction ruling |
| 3-6(b) | Defendant to amend invalidity contentions | within 50 days of claim construction ruling |
| 3-8 | Defendant's disclosure re: defense to charge of willfulness | within 60 days of claim construction ruling |
| 4-1(a) | Simultaneous exchange of proposed terms and claim elements for construction | Expired. |
| 4-1(b) | Meet and confer re: proposed terms and elements | Expired. |

| | | |
|---|---|---|
| 4-2(a) and (b) | Exchange proposed constructions of claim limitations and extrinsic evidence (narrowing issues) and expert witnesses on claim construction | Expired. |
| 4-2(c) | Meet and confer re: narrowing issues | Expired. |
| 4-3 | Joint claim construction prehearing statement | Expired. |
| 4-4 | Complete claim construction discovery | Expired. |
| 4-5(a) | Claim construction briefs | July 1, 2009 |
| 4-5(b) | Claim construction responsive briefs | July 15, 2009 |
| 4-5(c) | Joint submission of claim construction chart | July 21, 2009 |
| | Technology tutorials shall be due from both sides seven days prior to the Markman hearing date. | July 31, 2009 |
| 4-6 | Claim construction hearing | August 8, 2009, at 9:00 a.m. |

9. **Pretrial Disclosures and Objections:** Unless otherwise directed by Court Order, the parties must make the disclosures required by Rule 26(a)(3)(A)-(C), Fed. R. Civ. P. by **May 17, 2010**. Within **seven (7) days** thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

10. **Completion of Discovery:** By **November 2, 2009**, all **factual discovery** shall be completed**.** Motions pertaining to fact discovery shall be filed by **November 16, 2009**. By **January 15, 2010**, all **expert discovery** shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) **prompt written notice** of the extension is given to the Court. **Non-Expert Depositions:** Each party may have 200 hours to depose non-expert opposing party-fact witnesses whether they are Rule 30(b)(6) witnesses or otherwise. Each party may have 65 hours to depose third-party witnesses. **Foreign Language Depositions:** The number of hours charged to a taking party shall be one half (1/2) the amount of the actual time spent on the record when a deposition requires the use of a translator.

11. **Settlement Status Report and Settlement Conference:** Counsel, or the respective party if not represented by counsel, are directed to confer and file with the Court by **December 28, 2009**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **May 17, 2010**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of

this conference, counsel must, **within three business days**, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

12. **Pretrial Materials:**

    (a) By **May 17, 2010**, the following pretrial materials **must** be filed:

    1. **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate); however, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders,** since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order.**

    2. **Witness List:** Each party must file a **list of witnesses** who may be called by each party in its case in chief. Each witness list shall contain a brief **narrative summary** of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the Court reporter **prior** to trial.

    3. **Exhibit List and Deposition Testimony:** A **list of exhibits** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder. A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

(b) By **May 24, 2010**, the following **must** be filed.

1. **Jury Instructions: Requested jury instructions (annotated)**[1] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case. They shall be submitted in hard copy and on disk in a Word Perfect format.

2. **Proposed Voir Dire Questions: Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed. The Court will submit to the jury a standard written questionnaire, a copy of which is available from chambers. The parties may, immediately upon receipt of a draft of same, propose necessary modifications to the form. The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examinations.

.

13. **Objections to Pretrial Materials and Motions in Limine:** In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraph 10, objections to witness lists shall be filed by **May 24, 2010**. **Motions in limine,** if any, shall be filed by **May 24, 2010** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date. Oppositions to motions in limine shall be filed by **June 1, 2010**. The parties shall confer promptly to determine what limine items may be unobjectionable. Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the Court, in writing, of what limine items remain in genuine dispute.

14. **Pretrial Conference:** A **pretrial conference** in **this case** is **SET** for **Friday, July 23, 2010, at 9:00 a.m.** Each party shall be represented by at least one attorney who

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b). The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

15. **Modification of Second Amended Patent Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 2, 3, 5, 6, 7 and 10 of this Second Amended Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 9, 12, or 13, they shall file a motion seeking such an extension before the deadline elapses. This Second Amended Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b). **It is only under truly extraordinary circumstances that the Court will reset the trial date**. If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

16. Under Local Rule 7.1, unless otherwise directed by the Court, responses to motions must be filed by the twentieth day after the motion is filed, and replies are to be filed by the fifteenth day after the date the response is filed. If the due date falls on a

Saturday, Sunday, or federal holiday, the response or reply is due on the next business day. Federal Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act ... within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period," does not apply to response or reply due dates, which are calculated under Local Rule 7.1 according to the motion or response's filing date, not the date of service. If a party is unaware of the filing date of a motion or response, the party may contact the Court to ascertain that information.

17. **Parties:** Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

18. **Compliance with this Second Amended Order:** Counsel and the parties are expected to comply fully with this Second Amended Patent Scheduling Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

19. **Inquiries: Questions relating to this Second Amended Patent Scheduling Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421)**.

**IT IS SO ORDERED** this 9th day of April, 2009.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS