IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAST MEMORY ERASE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0977-M |
| | § | |
| SPANSION, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

In this patent case, Defendants Intel Corporation, Numonyx B.V., and Numonyx, Inc. have filed a joint motion to compel discovery of certain reports and documents in the possession of plaintiff and its non-testifying consulting expert, Semiconductor Insights, Inc. ("SI"), a Canadian company.  At issue are three reverse-engineering reports prepared by SI analyzing the NOR flash memory chips accused of infringing the patents-in-suit, together with the underlying data and any communications related to the reports.  Plaintiff and SI contend that the requested materials are protected from disclosure by the attorney-client privilege, the work product doctrine, and Rule 26(b)(4)(B).  Defendants counter that the materials are not privileged and, even if they are, plaintiff has waived any such protection by relying on selected portions of the SI reports in its preliminary infringement contentions and at the *Markman* hearing.  In separate motions, defendants ask the court to issue letters rogatory to obtain discovery from SI employees located outside the United States,[1]

---

[1]  Under Rule 28(b), the deposition of a witness located outside the United States may be taken under a "letter of request" from the issuing court to the appropriate authorities in the foreign country. *See* FED. R. CIV. P. 28(b); *Punyee ex rel. Doe #1 v. Bredimus*, No. 3-04-CV-0893-G, 2004 WL 2511144 at *7 n. 14 (N.D. Tex. Nov. 5, 2004), *quoting Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1, 124 S.Ct. 2466, 2473 n. 1, 159 L.Ed.2d 355 (2004) ("[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness.").

and plaintiff seeks a protective order in connection with those depositions.  The motions have been

briefed by the parties and are ripe for determination.

The court initially observes that none of the discovery materials at issue are protected by the

attorney-client privilege or the work product doctrine. Rule 26(b)(4)(B), adopted in 1970, repudiates

the notion that materials prepared by a non-testifying expert are privileged or constitute work

product. FED. R. CIV. P. 26(b)(4), Adv. Comm. Note (1970); *see also In re PolyMedica Corp.*

*Securities Litig.*, 235 F.R.D. 28, 30 (D. Mass. 2006) ("The protection afforded non-testifying experts

is distinct from the work-product doctrine and the attorney-client privilege."); *Pearl Brewing Co.*

*v. Joseph Schlitz Brewing Co.*, 415 F.Supp. 1122, 1137 (S.D. Tex. 1976) (same).  Instead, the rule

provides, in pertinent part, that:

> [A] party may not, by interrogatories or deposition, discover facts
> known or opinions held by an expert who has been retained or
> specially employed by another party in anticipation of litigation or to
> prepare for trial and who is not expected to be called as a witness at
> trial.  But a party may do so only:
>
>                                 * * * *
>
> (ii) on showing exceptional circumstances under which it is
> impracticable for the party to obtain facts or opinions on the same
> subject by other means.

FED. R. CIV. P. 26(b)(4)(B).  A party seeking disclosure under Rule 26(b)(4)(B) carries a heavy

burden. *See Lott v. Dutchmen Mfg., Inc.*, No. 9:05-CV-233, 2006 WL 2708432 at *1 (E.D. Tex.

Sept. 19, 2006), *citing Hoover v. U.S. Dept. of the Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir.

1980).  To establish "exceptional circumstances," a party requesting discovery must show that:  (1)

the object or condition observed by the non-testifying expert is no longer observable by an expert

of the party seeking discovery; or (2) although it is possible to replicate expert discovery on a

contested issue, the cost of doing so is judicially prohibitive. *See Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 at *5 (S.D. Fla. May 28, 2008) (collecting cases).   If materials and documents prepared by a non-testifying expert are disclosed to and considered by a testifying expert, such materials and documents lose their protected status. *See, e.g. Herman v. Marine Midland Bank*, 207 F.R.D. 26, 30-32 (W.D. N.Y. 2002); *Johnson v. Gmeinder*, 191 F.R.D. 638, 647 (D. Kan. 2000); *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership*, 154 F.R.D. 202, 208 (N.D. Ind. 1993).

Here, defendants contend that "exceptional circumstances" exist for discovery of the SI reports and underlying data, as well as the depositions of SI representatives involved in testing the accused devices, because:  (1) plaintiff used selected portions of the SI reports in its preliminary infringement contentions and as evidence at the *Markman* hearing; (2) defendants cannot assess the reliability of plaintiff's evidence without access to the raw test data; and (3) the depositions of SI personnel involved in the testing process are necessary to understand and scrutinize the reports relied on by plaintiff. (*See* Def. MPO Resp. at 6, 8-9).  All these justifications implicate the need to adequately prepare for cross-examination at trial.  However, in the case of a non-testifying expert, there is no need to obtain discovery for effective cross-examination. *See Polymedica*, 235 F.R.D. at 33; *In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990), *clarified by* 134 F.R.D. 148 (E.D. La. 1990).  If and when plaintiff designates a testifying expert who has relied on the SI reports and underlying data in forming opinions on disputed issues,[2] defendants will be entitled to obtain discovery of any documents, data, or communications disclosed to and considered by the testifying

---

[2] The parties are currently negotiating an extension of the deadline for designating expert witnesses. As of today, plaintiff has not designated any testifying experts who have relied on the SI reports or underlying data.

expert. *Gmeinder*, 191 F.R.D. at 647; *see also Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 716-17 (6th Cir. 2006) (recognizing that "overwhelming majority" of courts hold that Rule 26 creates bright-line rule mandating disclosure of *all* documents given to testifying experts).

Defendants further argue that plaintiff has waived the protections of Rule 26(b)(4)(B) by voluntarily disclosing and relying on selected portions of the SI reports in its preliminary infringement contentions and as evidence at the *Markman* hearing. (*See* Def. MPO Resp. at 5-7). Even if the doctrine of waiver applies to Rule 26(b)(4)(B),[3] the facts of this case do not support a waiver argument. As an exhibit to its preliminary infringement contentions, plaintiff attached nine pages of computer generated charts, drawings, and graphs obtained from the SI reports to illustrate how the accused devices infringe the patents-in-suit. (*See* Def. MPO Resp. App. at 007-015; Def. Mot. to Comp. App. at 19-146). The same materials were used by plaintiff as demonstrative aids at the *Markman* hearing. (*See* Plf. MPO Reply Br. at 3). Contrary to defendants' assertions, plaintiff is not relying on the "analyses, data, and conclusions" of SI as *evidence* to support its infringement contentions and proposed claim construction. The purpose of preliminary infringement contentions is to provide notice of the accusing party's specific theories of infringement. *See Fenner Investments, Ltd. v. Juniper Networks, Inc.*, 236 F.R.D. 309, 310 (E.D. Tex. 2006). A contention, no matter how detailed, is not evidence. Similarly, the charts, drawings, and graphs used by plaintiff as demonstrative aids at the *Markman* hearing are not evidence and have no probative value. Rather,

---

[3] Courts disagree as to whether the protections of Rule 26(b)(4)(B) are subject to waiver. *Compare Ludwig v. Pilkington North America, Inc.*, No. 03-C-1086, 2003 WL 22242224 at *3 (N.D. Ill. Sept. 29, 2003) (Rule 26(b)(4)(B) protection not subject to waiver) *with Atari Corp. v. Sega of America*, 161 F.R.D. 417, 418-20 (N.D. Cal. 1994) (waiver occurred where party voluntarily provided expert materials to opposing counsel during settlement negotiations). *Cf. Polymedica*, 235 F.R.D. at 32 (noting division in case law on the waiver issue); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 45 (S.D.N.Y. 1997) (same).

such demonstrative aids assist the trier of fact in evaluating the evidence. *See United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000); *see also* 2 McCormick on Evidence § 214 (6th ed. 2006) ("[D]emonstrative aids do not have *independent* probative value for determining the substantive issues in the case."). Unless the district court relies on the SI materials in construing the patent claims, which is highly unlikely since the materials are neither intrinsic evidence nor the type of extrinsic evidence to be considered in the claim construction analysis, there is no basis for finding that plaintiff has waived the protections of Rule 26(b)(4)(B).

In sum, defendants have failed to establish "exceptional circumstances" for discovery of the SI reports and underlying data. Nor has plaintiff waived the protections afforded by Rule 26(b)(4)(B) by attaching selected charts, graphs, and drawings from the SI reports to its preliminary infringement contentions and by using the materials as demonstrative aids at the *Markman* hearing. Accordingly, the court denies defendants' motion to compel discovery [Doc. #181]. Because defendants may not discover the SI reports and underlying data, they are not entitled to depose the SI personnel involved in the testing process. The court therefore grants plaintiffs' motion for protective order [Doc. #264] and denies defendants' request [Doc. #245] and revised request [Doc. #259] for letters rogatory.[4]

SO ORDERED.

DATED:   December 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The court also denies as moot SI's motion to strike [Doc. #228] the reply appendix submitted by defendants in connection with their motion to compel. Even if the court considers the evidence in the reply appendix, it would have no effect on the disposition of the discovery motion.